**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| RICHARD W. KLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:14CV1768-PPS-CAN |
| vs. | ) | |
| | ) | |
| JOHN DOE, POLICE OFFICER SOUTH | ) | |
| BEND POLICE DEPT., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Richard W. Klatt, a *pro se* plaintiff, recently filed a complaint (DE 1) against

various John Doe officers of the South Bend Police Department alleging violations of his

civil rights under 42 U.S.C. § 1983. He also requests permission to proceed *in forma*

*pauperis* (DE 2), which I will **GRANT**.

## Background

It appears that in 2012 Klatt was living in his van. According to Klatt, on August

1, 2012, he was in his van, parked in front of a storage unit he rented at the Mini Storage

Depot in South Bend when four officers of the South Bend Police Department ransacked

Klatt's van and used excessive force against him. Specifically, he claims that a black

police officer wearing a helmet and face shield approached his vehicle with a "bashing

tool." Another "big and tall" officer forced Klatt out of the van at gun-point, forced him

to the ground, pushed his head down on top of broken glass, and handcuffed him. A

third police officer, who is not physically described, pointed an "assault rifle" at Klatt's

chest.  Klatt was instructed not to say a word, but when he asked to be told what was happening, he was told "now we are putting K-9 on you" at which time a fourth officer approached with a police dog.  At some point, the police officers broke the windows of Klatt's van and removed various items belonging to Klatt.  Klatt claims all of this was done without a search warrant.  After two hours, the officers informed Klatt that he was free to go and to "clean up [his] mess."

Based on these disturbing allegations, Klatt claims that the officers engaged in police abuse and misconduct; premeditated excessive and unreasonable force; willful and unreasonable conduct; failure to intervene; intentional infliction of emotional distress; and violations of his first, fourth, and fourteenth amendment rights.  He claims to have suffered emotional distress, heart problems, severe anxiety, possible depression, other medical issues, and pain and suffering.  He requests $40,000.00 total: $32,000.00 in compensatory damages and $8,000.00 in punitive damages.

Klatt has attempted to identify the defendant officers by filing various requests with the South Bend Police Department, but thus far has received no information other than that his case number is 12-11803.[1]  Klatt has requested the police report and other records detailing the incident and a copy of the video from the security camera his van was parked under at the storage facility.

---

[1]  One of his records requests to the police department also references "c. #0085-2013" – it is unclear whether that is also a case number, or is related to his storage unit location or something else entirely.  (DE 1-1 at 1)

## Discussion

Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009)(*citing* and *quoting Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 602. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under this standard, Klatt's claims pass muster. He has specifically described a course of events that, if true, could plausibly state a claim for a deprivation of rights under Section 1983. But two issues remain that must be resolved. First, although it is unclear, liberally construing the complaint as I must do, it appears that Klatt may have

intended to also sue the South Bend Police Department, since he listed "South Bend Police Dept." on the caption of his complaint. The Police Department, however, cannot be sued as a separate entity. *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014). Instead, Klatt would have to sue the City of South Bend, since the police department is merely a department within the City. *Id.* Thus, to the extent that it is a named party, I will **DISMISS** the claims against the South Bend Police Department and **GRANT** Klatt leave to amend his complaint to include the City of South Bend as a party.

The second issue is that Klatt has identified the defendant police officers as only John Does at this point. Although ordinarily a tort plaintiff who doesn't know the names of his alleged tortfeasors cannot sue, in instances like this where a *pro se* party is unable to ascertain the identity of "an unknown member of a collective body" without pretrial discovery, I have the duty "to assist him, within reason, to make the necessary investigation." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821-22 (7th Cir. 2009) (*quoting Billman v. Indiana Dept. of Corrections*, 56 F.3d 785 (7th Cir. 1995)). It is therefore premature to dismiss his claims at this early phase based solely on his inability to identify the officers. *Id.*

But, to be clear, Klatt still is going to have to identify those officers in order to serve them and bring them under my jurisdiction. Fed.R.Civ.P. 4; *see also Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ.P. 15 . . . nor can it otherwise help the plaintiff" (citations

omitted)).  In other words, if he doesn't obtain enough information to serve the officers, his claims won't be able to proceed.  So here's what I'll do: once Klatt has amended his complaint to include the City of South Bend as I have granted him leave to do above, and his complaint has been properly served on the Mayor of South Bend, I will order the City to provide Klatt with the information necessary to identify the John Doe officers.  *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (finding in cases where a plaintiff is initially unable to name any of the persons whom he alleges to have injured him, "the district court should order their disclosure.")  Once he obtains that information, he may seek leave to further amend his complaint to identify the John Doe officers for service.

Finally, regarding his petition to proceed *in forma pauperis*, it is apparent from his filing that Klatt is virtually homeless and cannot afford the filing fee.  In light of this fact and the matters discussed above, I will **GRANT** his petition to proceed *in forma pauperis* (DE 2).

It is therefore **ORDERED** that:

(1) To the extent it is a named party, the South Bend Police Department is **DISMISSED**.

(2) Klatt is **GRANTED** leave to amend his complaint to add the City of South Bend as a defendant.  Klatt has **sixty (60) days** to file his amended complaint and summons with the Clerk of this Court.

(3) Klatt's Petition to Proceed *In Forma Pauperis* (DE 2) is **GRANTED** and the filing fee is **WAIVED**.

(4) For clarity, there is not yet enough identifying information for the United States Marshals Service to effectuate service on the defendants at this time. The Marshals will be directed to serve the defendants under 28 U.S.C. § 1915(d) once they are properly identified and added to this matter.

        **SO ORDERED**.

ENTERED: November 24, 2014

                                 s/Philip P. Simon            
                                 PHILIP P. SIMON, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT