UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD W. KLATT,

  *Plaintiff,*

 v.

CITY OF SOUTH BEND,

  *Defendant.*

Case No. 3:14-cv-1768

ANSWER TO AMENDED COMPLAINT

  The City of South Bend ("the City")[1] responds to the Amended Complaint filed by Richard W. Klatt ("Klatt") as follows:

### *General Denial*

  According to Rule 8(b)(3) of the Federal Rules of Civil Procedure, the City generally denies all allegations in the Amended Complaint, *except that* the City admits officers of its police force investigated an incident involving Klatt on or about August 1, 2012.

---

[1] The actual caption of Klatt's Amended Complaint names "Mayor, Pete Buttigieg City of South Bend, Ind.," and the Court's online docket identifies "Pete Buttigieg, *Mayor City of South Bend Ind*" as a Defendant. However, the Summons that accompanied the Amended Complaint lists "City of South Bend" in the caption, and this Court's order of November 24, 2014 granted Klatt leave to amend his complaint to "include the City of South Bend as a party." [DE 3 at 4]. In fact, the Court's order even mentions serving amended pleadings "on the Mayor of South Bend." *Id.* at 5. Further, none of the factual allegations in the Amended Complaint refer to the mayor by name or allege any individual actions on his part. Under the circumstances, and given the obligation to construe pleadings so as to do justice, Fed. R. Civ. P. 8(e), the City interprets the reference to Mayor Pete Buttigieg as merely identifying an agent for service of process against the City. As it understands Klatt's Amended Complaint, no claims are pending against Mr. Buttigieg individually.

*Additional Defenses*

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Subject to further investigation and discovery, Klatt may have failed reasonably to mitigate his alleged damages.

3. Klatt's claims may be barred or limited as untimely because, among other things, he did not timely serve the City with a tort claims notice and did not properly assert claims against the City in this Court until more than two years after the events alleged in the Complaint.

4. Klatt's claims are barred by *Monell v. Dep't of Social Svcs of New York*, 436 U.S. 658 (1978) because, among other things, Klatt has failed to allege any deprivation of rights resulting from an official policy or custom.

5. Klatt's claims, including, specifically, his claims for punitive damages, may be barred or limited by a qualified, absolute, or sovereign immunity.

6. Due to the narrative and somewhat unclear nature of Klatt's allegations, subsequent investigation and discovery may reveal other defenses. The City reserves the right to assert additional defenses, as warranted by ongoing investigation and discovery.

THEREFORE, the City respectfully requests the Court to enter judgement in its favor, dismissing the Amended Complaint, assessing costs against Klatt, and granting all other appropriate relief.

*Jury Demand*

Defendant respectfully requests trial by jury on all issues so triable.

        Respectfully submitted,

         /s/ Michael J. Hays
        Michael J. Hays (#23606-71)
        Elizabeth A. Klesmith (#32035-71)
        TUESLEY HALL KONOPA, LLP
        212 E. LaSalle Avenue
        South Bend, IN 46617
        (574) 232-3538
        mhays@thklaw.com

        *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, a copy of this document was served via United States first class mail, postage prepaid, to the following:

    Mr. Richard W. Klatt
    c/o Tina Baker
    9387 U.S. Hwy 31, Lot 67
    Berrien Springs, MI  40103

         /s/ Michael J. Hays